UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM FRANKLIN MORRIS,<br><br>  Plaintiff,<br><br>  v.<br><br>ROBERTO ORTIZ, et al.,<br><br>  Defendants. | Case No. CV 21-00582-DMG (RAO)<br><br>ORDER DISMISSING COMPLAINT |

## I. <u>INTRODUCTION</u>

On January 20, 2021, Plaintiff Tom Franklin Morris ("Plaintiff") filed a Complaint pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971). Dkt. No. 1. On May 17, 2021, the Court directed service of process by the United States Marshal ("USM"). Dkt. Nos. 14, 15. On January 31, 2022, USM filed a process receipt and return. Dkt. No. 30. On February 18, 2022, the Court issued an order directing Plaintiff to provide his current address after a search of the Federal Bureau of Prison's inmate locator indicated that Plaintiff had been released from custody. Dkt. No. 31. Plaintiff did not file a timely response to the order and the order was returned to the Court as undelivered. Dkt. No. 32. For the reasons set forth below, the Court dismisses this action without prejudice for failure to prosecute.

## II. DISCUSSION

*Pro se* plaintiffs must keep the Court apprised of their current address. *See* Notice of Assignment, Dkt. No. 3 ("Local Rule 83-2.4 requires that the Court must be notified within five (5) days of any address change."); L.R. 41-6 ("A party proceeding *pro se* must keep the Court and all other parties informed of the party's current address as well as any telephone number and email address."). The Notice of Assignment provides that if mail directed by the clerk to a *pro se* litigant's address of record is returned undelivered by the Post Office, and if the Court is not notified in writing within five days thereafter of the litigant's current address, the Court may dismiss the case for want of prosecution. *See* Dkt. No. 3. Additionally, Local Rule 41-6 provides that if a Court order served on a *pro se* plaintiff at his address of record is returned by the Postal Service as undeliverable and the *pro se* party has not filed a notice of change of address within 14 days of the service date of the order, the Court may dismiss the action for failure to prosecute. L.R. 41-6.

Here, Plaintiff has failed to keep the Court apprised of his current address. The Court directed him to provide his current address by March 18, 2022, but Plaintiff failed to do so. Additionally, the February 18, 2022 order was returned to the Court as undelivered on March 16, 2022. It has been more than five days since the February 18, 2022 order was returned and more than 14 days after the service date of the February 18, 2022 order. Accordingly, the Court may dismiss the action for failure to prosecute.

Federal Rule of Civil Procedure 41 ("Rule 41") governs the dismissal of federal actions. Rule 41(b) grants district courts authority to dismiss actions for failure to comply with court orders or for failure to prosecute. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-63 (9th Cir. 1992); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962). District courts may exercise their inherent power to control their dockets by imposing sanctions, including, where appropriate, the dismissal of a case. *Ferdik*, 963 F.2d at 1260.

A court must weigh five factors when determining whether to dismiss an action for failure to prosecute or failure to comply with court orders:

(1) the public's interest in expeditious resolution of litigation;

(2) the court's need to manage its docket;

(3) the risk of prejudice to defendants;

(4) the availability of less drastic alternatives; and

(5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Dismissal is appropriate where at least four factors support dismissal, or where three factors "strongly support" dismissal. *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1990).

Here, the first and second factors (the public's interest in expeditious resolution and the Court's need to manage its docket) strongly favor dismissal. "[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Id.* Plaintiff has failed to keep the Court apprised of his current address and failed to respond to the Court's order directing him to provide a current address. Plaintiff's "noncompliance has caused [this] action to come to a complete halt, thereby allowing [him] to control the pace of the docket rather than the Court." *Yourish*, 191 F.3d at 990. Plaintiff's inaction interferes with the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket. Accordingly, these two factors weigh strongly in favor of dismissal.

The third factor (the risk of prejudice to the defendant) requires a defendant to establish "that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642. "Limited delays and the prejudice to a defendant from the pendency of a lawsuit are realities of the system that have to be accepted, provided the prejudice is not compounded by 'unreasonable' delays." *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984). However, "the risk of prejudice to the defendant is related to the

plaintiff's reason for defaulting in failing to timely" act. *Yourish*, 191 F.3d at 991. The better the reason, the less likely it is that the third factor will favor dismissal. *See id.* (finding that the plaintiff's "paltry excuse for his default on the judge's order indicate[d] that there was sufficient prejudice to Defendants from the delay that [the third] factor also strongly favor[ed] dismissal"). The Ninth Circuit has stated that "the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976); *see also In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (quoting *Anderson*). Here, the failure to provide a current address indicates Plaintiff's loss of interest in the matter. The Court finds that the third factor weighs in favor of dismissal.

The fourth factor (the availability of less drastic alternatives) also weighs in favor of dismissal. When the Court discovered that Plaintiff was no longer at his address of record, the Court provided Plaintiff with an opportunity to update his address. Plaintiff failed to comply, and the Court is unable to communicate with Plaintiff without a valid address of record. Plaintiff's failure to participate in his own lawsuit supports that no lesser sanction will be effective. Also, the Court is dismissing this action without prejudice, a far less drastic alternative than dismissal with prejudice. Accordingly, this factor favors dismissal. *See Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (affirming dismissal without prejudice and finding no less drastic sanction was available because the district court could not contact the plaintiff to threaten him with some lesser sanction).

Regarding the fifth factor, public policy generally favors the disposition of cases on their merits. *Pagtalunan*, 291 F.3d at 643. However, it is the responsibility of the moving party to move the case toward a timely disposition on the merits, and to refrain from dilatory and evasive tactics. *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). It does not appear that retention of this case would

///

increase the likelihood of the matter being resolved on its merits. This factor does not weigh in favor of or against dismissal.

Four factors favor dismissal and one factor is neutral. Accordingly, dismissal of this action without prejudice is appropriate.

## III. CONCLUSION

For the reasons set forth above, IT IS ORDERED that this case is DISMISSED without prejudice.

DATED: May 6, 2022

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

5